IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN CUREN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL CROP INSURANCE CORPORATION ET AL.,<br><br>　　　　Defendants.　　　　　　　　／ | No. C 13-04601 CRB<br><br>**ORDER DENYING MOTIONS WITHOUT PREJUDICE AND REMANDING CASE TO AGENCY** |

　　　　Following remand from the Ninth Circuit, the parties each filed Motions for Partial Summary Judgment on Plaintiff's second claim for relief, which pertains to quality adjustments.  See P MSJ 2C (dkt. 62); D MSJ 2C (dkt. 66).  Both motions ask the Court to decide whether the National Appeals Division's (NAD's) decision, affirming Defendants' denial of certain quality adjustment claims, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  Id.; 5 U.S.C. § 706.  NAD's decision was based on "the 75% Test," something that had not been the explicit basis for Defendants' denial.  See Burnett Decl. (dkt. 68) Ex. 20 at 65; P MSJ 2C at 17–21.  Plaintiff asserts: "[A]fter the entire record had been closed, long after Plaintiff's opportunity to address any would-be challenge under the 75% Test had passed, NAD itself raised the issue for the first time and

then denied Plaintiff's claims for lack of evidence of compliance with the test." P Reply (dkt. 71) at 7.[1]

The Court understands that the parties make alternative arguments not related to Plaintiff's claimed lack of notice that NAD would be employing the 75% Test. However, the Court concludes that the proper course of action is for NAD to (1) reopen the record to <u>allow both parties to submit evidence relating to the 75% Test</u> before (2) re-examining the quality adjustment claims at issue in the second claim for relief. <u>See</u> <u>Loma Linda Univ. v. Schweiker</u>, 705 F.2d 1123, 1127 (9th Cir. 1983) (reviewing court has inherent power to remand a matter to agency; where agency failed to consider important evidence, proper to remand).[2]

Plaintiff also recently filed a motion for partial summary judgment as to the third claim for relief, which pertains to the Madera 0100 claim. <u>See</u> P MSJ 3C (dkt. 75). That motion argues, among other things, that NAD affirmed Defendants' denial of the Madera 0100 claim "on a completely new basis" and that "Plaintiff had no opportunity to refute that basis, because it had never been presented by Defendants." <u>Id.</u> at 16.[3] In light of the Court's conclusion as to the second claim for relief, the Court takes the same approach here. NAD is to (1) re-open the record to <u>allow both parties to submit evidence relating to the allegedly late harvest of the Madera 0100 grapes</u> before (2) re-examining the Madera 0100 claim at issue in the third claim for relief.

---

[1] Defendants contend, among other things, that "the absence of a specific reference to the 75% test as the specific basis for a denial of the quality adjustment claims in the 2010 or 2011 [insurer] decisions" is not dispositive, and that Plaintiff was on notice that the 75% test was "Part and Parcel of the Parties' Dispute." <u>See</u> D MSJ 2C at 15–16, 18–22. Defendants also claim that "Witnesses testified at the [agency's] hearing about the 75% test, although Plaintiff objected and blocked or simply declined to develop the testimony at times." <u>Id.</u> at 19.

[2] <u>See also</u> <u>Florida Power & Light Co. v. Lorion</u>, 470 U.S. 729 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.").

[3] Defendant has not substantively responded to this or any argument in Plaintiff's motion, but has sought additional time in which to respond. <u>See</u> D Mot. to Enlarge Time (dkt. 77). That motion is hereby DENIED as moot.

1    Accordingly, the Court DENIES the parties' motions without prejudice and
2 REMANDS the case to the agency for these limited purposes.  The Court further DIRECTS
3 the parties to file a status report in this case within 30 days of the final agency decision.
4    **IT IS SO ORDERED.**



5 Dated: October  5, 2016                                       CHARLES  R. BREYER
6                                                                                         UNITED STATES DISTRICT JUDGE

G:\CRBALL\2013\4601\Van Curen - remand claim 2.wpd            3